UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ENQUEUE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 07-38-B-W |
| | ) |
| DATA MANAGEMENT GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On July 30, 2007, Magistrate Judge Kravchuk issued a decision in which she recommended that the Court "deny the defendant's motion to dismiss." *Rec. Dec. on Mot. to Dismiss for Lack of Personal Juris.* (Docket # 12). On August 14, 2007, Defendant objected to the Recommended Decision, arguing *inter alia*, that Magistrate Judge Kravchuk misconstrued the scope of facts in the specific jurisdiction analysis and that she made improper factual determinations and inferences in finding personal jurisdiction. *Def's Objections to Magistrate's Rec. Dec. on Mot. to Dismiss for Lack of Personal Juris.* (Docket # 13). Plaintiff filed a response on August 31, 2007. *Pl.'s Reply to Def.'s Objection to Magistrate's Rec. Dec.* (Docket # 15).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; it has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the

recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.[1]

1. It is hereby ORDERED that the Recommended Decision of the Magistrate Judge is AFFIRMED.

2. It is further ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Dismiss for Lack of Venue (Docket # 7) is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2007

---

[1] Defendant claims one factual error in Magistrate Judge Kravchuk's Recommended Decision: instead of binding Data Management Group (DMG) to employ EnQueue employees, the Memorandum of Understanding (MOU) required DMG to *offer* such employment. *Rec. Dec.* at 7; *Compl.* at Ex. 1 (Docket # 1). This fact, however, is immaterial to the personal jurisdiction analysis; the analysis of DMG's contacts remains same.

Defendant further argues that the Magistrate Judge incorrectly found that the MOU transferred EnQueue's client base to DMG. While it is true that the MOU states that "EnQueue will make a good faith effort to require all customers to assign their EnQueue customer agreements to Data Management Group," the MOU also provides that DMG will take ownership of all of the assets listed in Appendix B, including "[a]ll information regarding customers and prospects." *Compl.* at Ex. 1. On this record, Magistrate Judge Kravchuk. properly describes the relationship between DMG and EnQueue concerning EnQueue's clientele.